IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COURT ISLAND

BRIAN SEVEGNY,
           Plaintiff

v.

ELEANOR SLATER HOSPITAL      :    No. 1:19-cv-00653-MSM-LDA
           Defendant

O R D E R

Mary S. McElroy, United States District Judge.

Brian Sevegny is a resident of the Eleanor Slater State Hospital ("Hospital"), confined there by virtue of his imprisonment under the jurisdiction of the Rhode Island Department of Corrections and his mental health condition which warranted transfer to the Hospital facility. Mr. Sevegny has, in the past, filed a number of lawsuits taking issue with various procedures of or conditions at the Hospital. This Complaint makes a discrete allegation that he has been denied use of a computer and that he is unable as a direct result of that denial to obtain a General Education Degree ("GED"). Mr. Sevegny contends that the GED examination may *only* be taken via computer and so the lack of access to a computer constitutes a deprivation of the opportunity to obtain a GED. He has cast that deprivation as a violation of both the Eighth and Fourteenth Amendments to the United States Constitution, and the

related provisions of the Rhode Island Constitution. (ECF No. 1). Mr. Sevegny was granted IFP status.

The State of Rhode Island has filed a Motion to Dismiss (ECF No. 5), arguing that the Complaint fails to state a claim upon which relief can be granted, that Mr. Sevegny failed to exhaust state administrative remedies, and that Mr. Sevegny may not maintain an action for damages against the State. For the reasons below, I GRANT the Motion to Dismiss with respect to the "cruel and unusual punishment" claims and to the extent it seeks monetary damages against the State. I DENY the Motion on exhaustion grounds and DENY it with respect to Mr. Sevegny's ability to proceed on declaratory and injunctive relief in his argument that he has been deprived of his state and federal rights to equal protection and due process.

With respect to exhaustion, Mr. Sevegny alleges that he processed a grievance and that he failed to receive a copy of the denial because he impulsively interfered with the printing of the copy  He did, however, allege that the grievance had been denied before he filed his Complaint on December 13, 2019 (ECF No. 1). Moreover, he has submitted a written denial dated November 26, 2019. (ECF No. 6, p. 8). Exhaustion requires a prisoner to go through the process of seeking administrative remedies; so long as that has happened, whether the prisoner received, retained, or shredded a copy of the denial is of no moment. Therefore, I find that this claim has been exhausted.

With respect to the merits, I find that the Complaint fails to state an Eighth Amendment violation. The denial of a computer does not constitute the type of

"extreme deprivation" that is the hallmark of the right to relief from unconstitutional conditions of confinement. *Figueroa v. Denitto,* 52 Fed.Appx. 522, 523 (1st Cir. 2002). As the Rhode Island Supreme Court has construed R.I.Const. Art. I § 8 in harmony with its federal counterpart, *McKinney v. State,* 843 A.2d 463,470 (R.I. 2004), Mr. Sevegny's claim under that provision must also fall.  However, Mr. Sevegny has claimed a violation of the Fourteenth Amendment (and its relative R.I.Const.Art. I § 2), and, while his Complaint does not specify "equal protection" or "due process," he has stated a factual basis sufficient to permit him to pursue a legal claim on either or both of these theories. It may be that prisoners confined at Eleanor Slater are denied devices that prisoners housed on the correctional side have access to. If that were the case Mr. Sevegny could argue that it is his mental condition that accounts for that different treatment. Mr. Sevegny has articulated an argument that the state's action in denying him a computer is arbitrary and capricious, as he contends that the unit used to have electronic access but that misbehavior of some resident at some point in the past caused the computer to be taken away when there are ample other methods of protecting it. Moreover, he contends that the Hospital has announced an intention to replace it but has simply not done it yet for unarticulated – or no – reasons. Finally, Mr. Sevegny has framed, though inartfully, that the denial of the computer actually denies him an educational right that would otherwise be available:  the right to pursue a GED. Any of these theories are sufficient to propel this Complaint past a 12(b)(6) motion.

Finally, the State is correct that Mr. Sevegny may not recover monetary damages against the State. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64 (1989).

Therefore, the Court GRANTS dismissal of the Eighth Amendment and Art. I § 8 claims; it GRANTS the motion insofar as it would preclude money damages against the State; and it DENIES the Motion in all other respects.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

November 5, 2020